UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDRE JONES, et al.

                Plaintiff(s),

v.

RABANCO, LTD., et al.,

                Defendant(s).

No. C03-3195P

ORDER GRANTING PLAINTIFFS' MOTION TO CONTINUE MARSDEN'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: MCDADE, MONTALVO, AND ORTIZ

        This matter comes before the Court on Plaintiff's Motion to Continue Defendant Marsden's Motion for Partial Summary Judgment regarding Plaintiffs McDade, Montalvo, and Ortiz. Having reviewed the papers and pleadings submitted by the parties, the Court hereby GRANTS Plaintiffs' Motion.

        Parties asking for a continuance to a summary judgment motion must show: "(1)that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion. <u>State of Cal. v. Campbell</u>, 138 F. 3d 772, 779 (9th Cir. 1998). Although Plaintiffs do not follow the letter of the law by filing an affidavit that sets forth the specific facts that Plaintiffs hope to get from Corporate Defendants' discovery regarding Mr. Marsden, the factual allegations that they make in their pleadings are sufficient to support a granting of the continuance. Specifically, Plaintiffs allege that Corporate Defendants made an investigation into allegations of discriminatory conduct by Mr. Marsden and that shortly after the investigation was concluded, Mr. Marsden was

ORDER - 1

terminated. Given these facts, it does seem to be a reasonable inference that there could be information in the investigation documents that may support Plaintiffs' case and that this information could be an essential part of Plaintiffs' opposition to the Marsden summary judgment motion. Accordingly, the current noting date on Mr. Marsden's motion will be terminated by the Court. This motion may not be re-set by the parties until the Special Master appointed in this case has had a chance to make her in camera review of Corporate Defendant's privilege log, the Court has issued a decision regarding the findings of the Special Master, and the production of the required documents, if any, has been made by the Corporate Defendants. At that time, Mr. Marsden may re-note this motion according to Local Civil Rule 7, if he wishes.

On a separate note, the Court observes that there has been some confusion as to which claims the Plaintiffs named in Mr. Marsden's Motion for Summary Judgment are actually bringing against him. In Mr. Marsden's Motion for Summary Judgment regarding Plaintiffs McDade, Montalvo, and Ortiz, Mr. Marsden calls for the dismissal of the Title VII and ADEA claims that these Plaintiffs have made against him. (Dkt. No. 206 at 3). In Plaintiffs' Response to Mr. Marsden's motion, Plaintiffs clarify that neither McDade, nor Montalvo, nor Ortiz have made Title VII or ADEA claims against Mr. Marsden. Plaintiffs further state that Plaintiff Montalvo is not bringing a Washington State age claim against Defendant Marsden. (Dkt. No. 226 at 2). For the sake of furthering the efficient litigation of the claims that *do* exist in this case and for the purpose of clarifying matters for the parties, the Court hereby dismisses any Title VII and ADEA claims that Plaintiffs McDade, Montalvo, and Ortiz may have been construed to have made against Defendant Marsden. Similarly, any Washington state age discrimination claim that Plaintiff Montalvo may have been construed to have brought against Defendant Marsden is also dismissed.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: June 28th, 2005.

Marsha J. Pechman
United States District Judge

ORDER - 2