UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRE JONES, et al., | No. C03-3195P |
| Plaintiff(s), | |
| v. | |
| RABANCO, Ltd., et al., | ORDER ON THE SPECIAL MASTER'S REPORT REGARDING FARAGHER-ELLERTH DISCOVERY |
| Defendant(s). | |

This matter comes before the Court following the Special Master's review of Defendant's Privilege Log. The Report of the Special Master in this matter and the Special Master's annotated Index of Documents are filed at Docket Numbers 260 and 261. In some places, the Special Master's Report calls for production of a document after certain information is redacted. The documents requiring redaction before they are produced are marked with an asterisk in this Order. Where this Order calls for a redaction of a document, Defendant shall file the redaction on CM-ECF with the Court and under seal. The code used to replace the redacted information shall also be filed electronically with this Court and placed under seal. For the time being, the Court will retain the documentation submitted to the Special Master for the purposes of making an *in camera* comparison of the redacted documents and the unredacted documents, to assure that the redaction is fair.

The Court, having reviewed the documents in the Defendant's Privilege Log, having read the Special Master's Report, and being otherwise fully advised, does now Order the Defendant to produce to Plaintiff the following documents pursuant to the Report of the Special Master:

|    |           |                                                      |
|----|-----------|------------------------------------------------------|
| 1  |           |                                                      |
| 2  | Volume I  | 00079-90                                             |
| 3  |           | 00024-0026                                           |
| 4  |           | 01475                                                |
| 5  |           | 00028-29                                             |
| 6  |           | 00116-00121                                          |
| 7  |           | 00129                                                |
| 8  |           | 00107-08; 00112-114                                  |
| 9  |           | 00170-175                                            |
| 10 |           | 00147-8                                              |
| 11 |           | 00054-55                                             |
| 12 |           | 01638-40                                             |
| 13 |           |                                                      |
| 14 | Volume II | 00301                                                |
| 15 |           | 000200-215                                           |
| 16 |           | 00647                                                |
| 17 |           | 00429                                                |
| 18 |           | 00514                                                |
| 19 |           | 00648: all except redact e-mail dated 6/19/03, 7:01  |
| 20 |           | 00430-00431: all except redact as above              |
| 21 |           | 00645-00646: all except redact as above              |
| 22 |           | 00435                                                |
| 23 |           | 01380-01384: all except redact 00644                 |
| 24 |           | 00943                                                |
| 25 |           | 00941                                                |
| 26 |           | 00473-00474                                          |
| 25 |           | 00475-00476 & 01513-01514                            |

| | |
|---|---|
| 1 | |
| 2 | 00248 |
| 3 | 01509 |
| 4 | 01510 |
| 5 | 00477-00478 |
| 6 | 00258 |
| 7 | 00254-00255 |
| 8 | 00217 and 00247 |
| 9 | 00441-00443 and duplicates |
| 10 | 01368-01379 |
| 11 | 00190-00198 |
| 12 | 00259-00261 |
| 13 | 00453-00454 and duplicates |
| 14 | 00249-00251* and duplicates with a code number substituted for the names of |
| 15 | non-plaintiffs and non-NAACP complainants. These codes to be the same on all documents following |
| 16 | where the same names appear. |
| 17 | 00448-00449* and duplicate, and produced as above |
| 18 | 00665-00668* produced as above |
| 19 | 00366* produced as above |
| 20 | 01508* produced as above |
| 21 | 00450-00452* produced as above |
| 22 | 01534-01536 |
| 23 | 00669 |
| 24 | 00455-00457 |
| 25 | 00670-00672 and duplicate |
| 26 | 00461-00462 |
| 27 | 00528-00529 |

| | | |
|---|---|---|
| 1 | | |
| 2 | | 00300 |
| 3 | | 00407 |
| 4 | | 00265-00267 |
| 5 | | 00389-00399* with names coded as above |
| 6 | | 00336-00350* with names coded as above |
| 7 | | 00408-00415*         " |
| 8 | | 00358-00365*         " |
| 9 | | 00308-00323*         " |
| 10 | | 00521-00527*              " |
| 11 | | 00673-00687*              " |
| 12 | | 00927-00938*              " |
| 13 | | 00530-00543*              " |
| 14 | | 00688-00702*              " |
| 15 | | 00703-00719*              " |
| 16 | | 00268-00273*              " |
| 17 | | 00372-00388*              " |
| 18 | | 00356-00357*       " |
| 19 | | 00302-00306*              " |
| 20 | | 00367-00371*              " |
| 21 | | 00351-00352*              " |
| 22 | | 00353-00355*              " |
| 23 | | 00400-00406*              " |
| 24 | | |
| 25 | Volume III | 00571-00579 and duplicate |
| 26 | | 00725-00733 and duplicate |
| 27 | | 00734-00738 |

|  |  |
|---|---|
|  | 00765-00773 and duplicate |
|  | 00774-00782 and duplicate |
|  | 01258-01263 |
|  | 01248-01257 |
|  | 01237-01247 |
|  | 01225-01235 |
|  | 01212-01224 |
|  | 01130-01140 |
|  | 01119-01129 |
|  | 00739-00746 |
|  | 01433-01434 |
|  | 00274-00277 |
|  | 01167 e-mails dated 10/14/03 at 7:48 & 8:37 a.m. only |
|  | 01425-01429 |
|  | 01442-01451 |
|  | 01499-01507 |
|  | 01463-01465 |
|  | 01612-01617 |
|  | 01466-01467 |

Volume IV    00218-00233 with entries that post-date 10/24/03 redacted; if the entry was started prior to 10/24/03, the entire entry must be produced.

00245-00246 unless Rabanco produces a signed affidavit within ten days of this Order by the creator of the document that it was prepared after October 24, 2003.

<u>Settlement Documents:</u>

The Court disagrees with the Special Master's recommendation that documents pertaining to settlement discussions or offers should be disclosed under the Faragher-Ellerth doctrine. Judge Learned's interpretation of the settlement documents in this case as remedial measures that should be disclosed due to Rabanco's assertion of an affirmative defense is a reasonable one, if one reads this Court's February 15, 2005 Order very broadly. However, upon a close reading of Faragher v. City of Boca Raton and Burlington Industries, Inc.v. Ellerth, one sees that the Supreme Court's motivation to create the affirmative defense for employers facing vicarious liability under Title VII for the actions of their supervisors was fueled by a policy that favored giving an employers an incentive to prevent and respond quickly to allegations of harassment. 524 U.S. 775, 806 (1998); 524 U.S. 742 (1998). In its discussion of this defense in Faragher v. City of Boca Raton, the Court emphasized that this defense bolstered the already-established EEOC policy of giving employers an incentive to prevent sexual harassment. 524 U.S. 775, 806 (1998). The Court noted that the primary purpose of Title VII is not to provide redress, but to avoid harm. Id. The Court also observed that the employee's concomitant duty to "avoid or mitigate harm" is reflected in the second prong of this defense. Id. In Faragher, the Court expressed concern over the financial repercussions that harassing supervisor behavior could have for ordinary employees, should they be fired or choose to leave their jobs rather than put up with the harassment. Id. at 804. The Court set up the affirmative defense to encourage employers and employees to act BEFORE the damage was so serious that the employment relationship was broken and the parties were in litigation or pursuing settlement. The logical result of this reading of the cases and accompanying literature is that the draft settlement agreements are undiscoverable because they are beyond the scope of the investigatory and remedial actions that the Supreme Court incentivized for employers by allowing them to be used as an affirmative defense to allegations of supervisor harassment. For this reason, the Court will allow the documents pertaining to settlement plans and draft settlement offers to remain privileged. The settlement documents that shall remain protected are numbered as follows:

00324-00335

| | |
|---|---|
| 1 | |
| 2 | 00307 |
| 3 | 00544-00545 |
| 4 | 00546-00547 |
| 5 | 00720-00724 |
| 6 | 00613-00617 |
| 7 | 00548-00549 |
| 8 | 00600-00601 |
| 9 | 00602-00605 |
| 10 | 01298-01301 |
| 11 | 01264-01269 |
| 12 | 01394-01403 |
| 13 | 01392-01393 |
| 14 | 01302 |
| 15 | 01305-01309 |
| 16 | 01310-01315 |
| 17 | 01202-01204 e-mail of 9/24/03, 12:48 only |
| 18 | 01322-01327 |
| 19 | 0921-00926 |
| 20 | 01317-01321 |
| 21 | 01329-01333 |
| 22 | 01205 |

Attorney Fees:

The Court finds that there was not a good faith basis for non-disclosure of many of the above documents, after the court's order of February 15, 2005, except for those involving proposed settlements. The documents ordered to be disclosed are approximately one third of the whole. Therefore, Rabanco shall pay 67% of the

Special Master's fees, and plaintiffs 33%. Payment is due and owing upon the receipt of the Special Master's bill. All documents shall be produced to Plaintiff within ten days of this Order.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated this 15th day of August, 2005

_/s/ Marsha J. Pechman_

Marsha J. Pechman

United States District Judge