Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Andre Jones, et al.,<br><br>                    Plaintiffs,<br><br>     v.<br><br>Rabanco, Ltd., et al.,<br><br>                    Defendants. | No. CV03-3195P<br><br>RABANCO'S MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION OF ORDER ON THE SPECIAL MASTER'S REPORT REGARDING FARAGHER-ELLERTH DISCOVERY<br><br>NOTE FOR MOTION CALENDAR:<br>September 2, 2005 |

## I.  INTRODUCTION

Defendants Rabanco Ltd., Allied Waste Industries, Inc., and Allied Waste Transportation, Inc. (collectively "Rabanco") move this Court for an Order (1) clarifying and reconsidering (in part) this Court's August 15, 2005 Order on the Special Master's Report Regarding *Faragher-Ellerth* Discovery (the "Aug. 15, 2005 Order") as applied to a narrow sub-set of the documents Rabanco has been ordered to produce; and (2) reconsidering the special master fee allocation. After careful evaluation, Rabanco has decided that, under

RABANCO'S MOTION FOR
CLARIFICATION AND PARTIAL
RECONSIDERATION OF ORDER ON
THE SPECIAL MASTER'S REPORT
REGARDING FARAGHER-ELLERTH
DISCOVERY  - 1

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

current circumstances, it will not seek certification or appeal of this Court's Order.[1]  As soon as the motions for reconsideration are resolved and the redactions and processing of the documents are complete, Rabanco will produce the documents to plaintiffs' counsel.

## II. MOTION FOR CLARIFICATION & RECONSIDERATION

### A. CERTAIN DOCUMENTS ALSO SHOULD BE PROTECTED

Rabanco respectfully requests that this Court clarify or reconsider the Aug. 15, 2005 Order as applied to the following documents.

1.  *Notebook Section B-1(a) (Vol II).  Document Nos. PAWI 00473-00474; 01511-0512; 00475-00476; 01513-01514; 00248; 01509; 01510; 00477-00478; 00258  (**Request for Reconsideration**)*.

Judge Learned concluded that these documents pertained to an internal Rabanco investigation and fact-gathering or remedial efforts.[2]  Although these documents were created as a result of the NAACP letter, Judge Learned's conclusion is incorrect.  These documents, which consist of iterative drafts of a list, were compiled and prepared at the request and direction of Rabanco's outside legal counsel, Mark Kisicki, of Steptoe and Johnson, LLP in Phoenix, Arizona.  Declaration of Mark Robichaud Dated September 2005 ("Robichaud Sept. 2005 Decl.") ¶ 2.[3]  Kisicki's role was to give legal advice to Rabanco regarding potential litigation, not to guide or assist with Rabanco's internal investigation.  *Id.* [4]

Consequently, production of these documents would not advance the principles of the

---

[1] Rabanco must, however, wait until this Court rules on plaintiffs' motion for reconsideration before making a final decision regarding appeal.

[2] Special Master Report, Exh. A at 28-30.

[3] Kisicki is the "Mark" referenced in Document No. PAWI 00473.  *Id.*

[4] The final document was shared with Rabanco management responsible for the specific operations (Document No. PAWI 00477-00478).  This does not, of course, change its privileged character.

RABANCO'S MOTION FOR
CLARIFICATION AND PARTIAL
RECONSIDERATION OF ORDER ON
THE SPECIAL MASTER'S REPORT
REGARDING FARAGHER-ELLERTH
DISCOVERY  - 2

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

*Faragher-Ellerth* affirmative defense, as nothing about the documents' creation or maintenance relate to incentives to prevent or respond quickly to harassment allegations before the employment relationship is broken. Rabanco, therefore, respectfully requests that this Court reconsider the Aug. 15, 2005 Order as applied to these documents.

2. *Notebook Section B-1(f) (Vol. III – Documents Pertaining to Settlement Agreement Strategy and Drafting).*

    a. *Document Nos. PAWI 1202-1204 (**Request for Clarification**).* As Rabanco reads the Aug. 15, 2005 Order at 7:17, this Court has rejected the Special Master's finding that a portion of the email thread (the email dated 9/24/03 at 12:48 p.m.) be produced because the Court concluded that these settlement documents lie outside the investigative and remedial purposes underlying the *Faragher-Ellerth* affirmative defense. Rabanco seeks clarification, however, in order to make certain that there is no dispute concerning the documents that must be produced.

    b. *Document Nos. PAWI 1167-1170 (**Request for Reconsideration**).* This email thread was also created in connection with settlement. Rather than addressing it with the rest of the settlement documents, however, the Court ordered that portions of the email thread be produced. Aug. 15, 2005 Order at 5:14. The portions that the Court ordered produced, however, are indistinguishable in principle from other settlement documents and are also privileged communications.

- The portion of the email dated 10/14/03 at 7:48 a.m. consists of (1) a query by Mark Robichaud to Steven Peltin of Preston Gates & Ellis LLP and to Andrew Sweet of Allied's in-house legal department; (2) a response to a query from Sweet; and (3) a request for advice from Sweet and Peltin concerning the content of settlement-related documents. Robichaud Sept. 2005 Decl. ¶ 3.

RABANCO'S MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION OF ORDER ON THE SPECIAL MASTER'S REPORT REGARDING FARAGHER-ELLERTH DISCOVERY  - 3

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

- As can be seen by the context, the email dated 10/14/03 at 8:37 a.m. is from Kathy Marsh to Peltin and Sweet informing them of certain settlement-strategy related facts. Consequently, these portions of the email thread, like the other documents in this section, should be protected from discovery.

3. *Documents Previously Produced  (**Request for Clarification**). **Rabanco will assume that its previous production of these documents satisfies its obligations under the Aug. 15 2005 Order unless the Court directs otherwise.***

a. *Notebook Section B-2 (Vol. III). Document Nos. 01499-01507 (Aug. 15 Order at 5:15).* Rabanco has already produced these pages of the document (AWI 0010289-0010297). It is an attachment to a memorandum that the Court has concluded is protected (PAWI 001498; produced in redacted form at AWI 0010288). The document, as produced, appears immediately behind the privileged version in Volume III of the notebooks.

b. *Notebook Section B-2 (Vol. III). Document Nos. PAWI 01463-01465 (Aug. 15 Order at 5:18).* The indicated pages from this document were previously produced (twice) in their entirety  (AWI 0010253-0010255; AWI 0010259-0010261). These pages are attached to a document the Court has ruled as privileged (PAWI 01462, produced in redacted form at AWI 0010252 and AWI 0010258 ). The produced versions appear behind the privileged version in Volume III of the notebooks.

4. *Documents Created After October 23, 2003 (Vol. IV).*

a. *Document Nos. PAWI 00218-00233 (Vol. IV) (Aug. 15 Order at 22-23) (**Request for Reconsideration**).* Rabanco respectfully requests that this Court reconsider its Order directing Rabanco to produce this document. This document was compiled by Rabanco in March 2004 to assist Preston Gates & Ellis LLP in defending this litigation. Declaration of Eileen Schuler Dated August 30, 2005 ¶ 4. It is a report created from data maintained by the

RABANCO'S MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION OF ORDER ON THE SPECIAL MASTER'S REPORT REGARDING FARAGHER-ELLERTH DISCOVERY  - 4

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Company concerning AWARE line calls. *Id.* ¶ 2. Documents relating to all of the AWARE line calls preceding October 23, 2004 from employees of the US Disposal II and Emerald City divisions, where all of the plaintiffs worked, have already been produced to plaintiffs. Declaration of Rebecca Dean Dated September 2, 2005 ("Dean Sept. 2, 2005 Decl.") ¶ 2. All of the information contained on the report relating to those facilities is contained on the produced documents. *Id.* Document No. PAWI 00218-00233 was used by Preston and Rabanco to make certain that production to plaintiffs of the underlying AWARE line call documents included all calls received within the applicable time frame from employees of US Disposal II and Emerald City Disposal. *Id.* at 3.

The information relating to other facilities appearing on the report is immaterial to this litigation, however, and at minimum Rabanco should be allowed to redact it, even if this Court requires Rabanco to produce the portion of the report concerning calls from employees of US Disposal II and Emerald City Disposal. The data involves AWARE line calls from employees of other facilities and pertaining to supervisors who have no involvement in this litigation. Rabanco has objected since the inception of this litigation to providing discovery for divisions other than US Disposal II and Emerald City. Rabanco's position is well-founded. Courts routinely limit such discovery. *E.g., Owens v. Sprint/United Management Co.*, 221 F.R.D. 649, 654 (D. Kan. 2004) (appropriate scope of discovery is business unit encompassing the supervisor or supervisors responsible for making adverse employment decisions). Plaintiffs' counsel has never challenged that position with this Court. Dean Sept. 2, 2005 Dec. ¶ 4. To the extent that plaintiffs intend to actually pursue discovery of employee AWARE line calls pertaining to divisions other than US Disposal II and Emerald City Disposal, Rabanco should have the opportunity to seek a protective order so this Court may consider the limits of such discovery on the merits.

RABANCO'S MOTION FOR
CLARIFICATION AND PARTIAL
RECONSIDERATION OF ORDER ON
THE SPECIAL MASTER'S REPORT
REGARDING FARAGHER-ELLERTH
DISCOVERY  - 5

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1      b.   *Document Nos. PAWI 00245-00246 (Vol. IV) (Compliance with Aug. 15, 2005 Order at 5:24-25)*.  The information ordered by the Court is set forth in the Declaration of Mark Robichaud, which will be filed at the earliest possible opportunity.  Robichaud Sept. 2005 Decl. ¶ 4.

5.   *Document No. PAWI 1450-51 (Notebook Section B-2) (Vol. III)* (***Request for Reconsideration***).

Rabanco respectfully requests that this Court reconsider its order to produce these two pages, which are attached to a privileged communication (PAWI 1440-41).  These pages relate to an AWARE line call concerning a division other than US Disposal II or Emerald City Disposal, and are outside the reasonable scope of discovery for the reasons stated before.  At minimum, Rabanco should be given an opportunity to file a motion for protective order addressing the merits of allowing discovery beyond the divisions implicated by plaintiffs' claims.

**B.   RABANCO SHOULD NOT BE REQUIRED TO BEAR A DISPROPORTIONATE SHARE OF THE SPECIAL MASTER'S FEE**

Rabanco respectfully requests that this Court reconsider its decision that Rabanco bear a disproportionate share of the Special Master's fee.  Essentially, the Court concluded that Rabanco *prevailed* with regard to two-thirds of the documents, but should, nevertheless, bear two-thirds of the costs.  This decision should be reconsidered for the following reasons.

First, Rabanco did not act in bad faith in not previously producing the documents the Special Master concluded were subject to the Court's *Faragher-Ellerth* Orders.  Essentially, the Court is sanctioning Rabanco because Rabanco disagrees with the Court's conclusion that asserting the *Faragher-Ellerth* defense waives the attorney-client privilege.  This cannot constitute evidence of bad faith.

RABANCO'S MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION OF ORDER ON THE SPECIAL MASTER'S REPORT REGARDING FARAGHER-ELLERTH DISCOVERY  - 6

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

A good faith difference of opinion with the Court on a novel issue of attorney-client privilege is not a basis for sanctions. *American Nat'l Bank & Trust v. Equitable Life Assurance Soc.*, 406 F.3d 867, 878 (7th Cir. 2005) (magistrate judge abused discretion in ordering production of privileged documents as a sanction for withholding documents ultimately found not to be privileged). As the Seventh Circuit observed in *American National Bank,* attorney-client communications are worthy of maximum legal protection, and clients and their counsel are expected to zealously protect documents believed in good faith to be within the scope of the privilege. It is a "fundamental error" to estimate bad faith from good-faith assertions of the attorney-client privilege. *Id.* at 879.

Rabanco advanced a principled position on a novel legal issue. Rabanco's position was supported by nonbinding federal and state case law. *E.g., Kaiser Found. Hosp. v. Superior Court of San Mateo County*, 78 Cal. Rptr. 2d 543, 548 (1998). Although Rabanco has decided to produce the investigation-related documents, it reached this conclusion only after the Aug. 15, 2005 Order greatly narrowed the scope of documents Rabanco feared the Special Master and this Court would order to be disclosed pursuant to a broad reading of the Court's *Faragher-Ellerth* Orders.

Additionally, there is no basis under Fed. R. Civ. P. 37 for imposing sanctions upon Rabanco. This Court made it very clear in its June 15, 2005 conference with counsel that the *Faragher-Ellerth* Orders did not direct Rabanco to actually produce documents. The Court emphasized that Rabanco misunderstood the Court's *Faragher-Ellerth* Orders when it read them literally to order such production. Rather, as the Court clarified on June 15, 2005, Rabanco's obligation was to assess its position and submit the documents to the Special Master. Therefore, by not producing the documents subject to the *Faragher-Ellerth* Orders prior to the Special Master's review, Rabanco was not in violation of any Court order.

RABANCO'S MOTION FOR
CLARIFICATION AND PARTIAL
RECONSIDERATION OF ORDER ON
THE SPECIAL MASTER'S REPORT
REGARDING FARAGHER-ELLERTH
DISCOVERY  - 7

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  Second, fee shifting is not appropriate because Rabanco went to considerable expense and effort to facilitate and minimize the cost of the Special Master's review. Rabanco's counsel organized the documents by categories and, within categories, in chronological order; provided the Special Master with the context of the documents; and prepared a spreadsheet for the Special Master to tabulate her conclusions. The Special Master found that, without Rabanco's efforts, the review would have been "extremely difficult" and "extraordinarily time consuming." Special Master's Report Regarding *Faragher-Ellerth* Discovery 2:15-22. Had Rabanco not made this effort, the Special Master's fee would have been much higher. This, ultimately, would have harmed all parties.

Third, fee shifting is inappropriate because the Special Master was forced to spend significant time resolving plaintiffs' fruitless objections to Rabanco's efforts to organize the documents and facilitate the Special Master's review. Plaintiffs' argument forced the Special Master to review plaintiffs' objections and Rabanco's response, and confer with the parties' counsel in an extended telephone conference. *See* Special Master's Report at 1-3.

Fourth, the August 15 Order does not consider that Rabanco *prevailed* with regard to two-thirds of the documents. Many of the documents reviewed by the Special Master are unrelated to the NAACP investigation and are outside the ambit of the Court's *Faragher-Ellerth* Orders. Plaintiffs' counsel had numerous opportunities to advise Rabanco and the Special Master of the documents plaintiffs did not challenge. As plaintiff's counsel knew, many of these non-investigative documents consisted of legal bills and correspondence with Preston Gates & Ellis LLP or other outside counsel in connection with litigation matters. Plaintiffs, however, forced the Special Master to review these documents, nearly all of which were found to be privileged.

As to the few non-NAACP documents Rabanco was ordered to produce, virtually no

RABANCO'S MOTION FOR
CLARIFICATION AND PARTIAL
RECONSIDERATION OF ORDER ON
THE SPECIAL MASTER'S REPORT
REGARDING FARAGHER-ELLERTH
DISCOVERY - 8

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

1  new discovery will accrue to plaintiffs.  Nearly all of these documents are attachments to
2  privileged correspondence that were previously produced by Rabanco, or relate to
3  administrative agency charges and are, therefore, either already in plaintiffs' possession or are
4  public records.  Dean Sept. 2, 2005 Decl. ¶ 5, Exh. A.

5  In that regard, the failure to produce attachments is not the result of bad faith.
6  Rabanco disagrees with the Court and Special Master's conclusion that, under these
7  circumstances, the attachment should be viewed independently of the privileged transmittal
8  communication.  In contrast, in assessing these documents, Rabanco viewed the privileged
9  letter and its attachment as a unit.  Rabanco did so because, given that (a) the attachments had
10 already been produced, were in plaintiffs' possession or readily available to plaintiffs, or were
11 irrelevant to this litigation, and (b) the parties to the privileged communication and the date
12 are contained on the privilege log, the only new discovery plaintiffs obtain is the content of an
13 attorney-client communication.  Nevertheless, Rabanco recognizes that there are good-faith
14 differences of opinion with regard to the application of the attorney-client privilege to
15 document composition and, in particular, to attachments.  Rabanco will therefore produce the
16 attachments in order to be in full compliance with the Aug. 15 Order.  In sum, there is no
17 basis for finding Rabanco in bad faith for withholding these documents.

18 //
19 //
20 //
21 //
22 //
23 //
24 //

25 RABANCO'S MOTION FOR
26 CLARIFICATION AND PARTIAL
RECONSIDERATION OF ORDER ON
THE SPECIAL MASTER'S REPORT
REGARDING FARAGHER-ELLERTH
DISCOVERY  - 9

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

## III.  CONCLUSION

For the reasons stated, Rabanco respectfully requests that this Court grant its limited motion for clarification and reconsideration.

DATED this 2nd day of September, 2005.

          PRESTON GATES & ELLIS LLP

          By     /s/ Rebecca Dean
              Patrick M. Madden, WSBA 23156
              Rebecca Dean, WSBA # 18106
          Attorneys for Appellants
          Rabanco, Ltd., et al.

PRESTON GATES & ELLIS LLP
925 Fourth Avenue, Suite 2900
Seattle, WA  98104-1158
Telephone:       (206) 370-8292
Facsimile:          (206) 370-6045
rdean@prestongates.com

RABANCO'S MOTION FOR CLARIFICATION AND PARTIAL RECONSIDERATION OF ORDER ON THE SPECIAL MASTER'S REPORT REGARDING FARAGHER-ELLERTH DISCOVERY  - 10

K:\44997\00015\RD\RD__P247V

PRESTON GATES & ELLIS LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022