UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDRE JONES, et al.,

        Plaintiff(s),

v.

RABANCO, Ltd., et al.,

        Defendant(s).

No. C03-3195P

ORDER DENYING IN PART AND GRANTING IN PART PARTIES' CROSS MOTIONS FOR RECONSIDERATION OF THE ORDER ON THE SPECIAL MASTER'S REPORT REGARDING FARAGHER-ELLERTH DISCOVERY

This matter comes before the Court on Defendant Rabanco's Motion for Reconsideration of this Court's previous Order on the Special Master's Report Regarding Faragher-Ellerth Discovery and on Plaintiff's Motion for Reconsideration of this same Order. (Dkt. Nos. 265 & 275). On August 15, 2005, this Court issued an Order pursuant to the recommendations of Special Master Ret. Judge Kathleen Learned regarding the disclosure of documents related to the Faragher-Ellerth defense. (Dkt. No. 259). Now, both parties ask for reconsideration of the August 15 Order. Rabanco claims that there are a few documents whose creation or use were misunderstood by the Special Master. It asks for reconsideration of the Order to disclose these documents and for clarification on a few other points of the Court's Order. Rabanco also re-frames the Special Master's assessment that it had wrongly withheld many documents. Instead, Rabanco suggests that it *prevailed* on the majority (two-thirds) of the documents that it withheld. Rabanco also asserts that its attorneys' efforts to organize the documents saved both parties time and money and that it should be

ORDER - 1

rewarded. For these reasons, Rabanco is also asking for reconsideration of the Court's decision to make Rabanco pay more of the Special Master's fees than Plaintiffs.

Plaintiffs also ask for reconsideration of the Court's August 15 Order. However, Plaintiffs' criticism of the Order is much more global than Rabanco's. Plaintiffs claim that the Special Master's analysis was inherently tainted by her consideration of a letter submitted to her by Rebecca Dean on June 27, 2005. Although Plaintiffs had a chance, at the time of the review, to submit a response to Rabanco's letter, they still assert that the Court's Order, as it stands, is deeply flawed because of the consideration of this letter. Plaintiffs also accuse Rabanco of making unauthorized last-minute changes to its privilege log before it was submitted to the Special Master. These changes include changing key dates and recharacterizing the descriptions of some documents. Plaintiffs ask that the 74-page workplace investigation report be turned over, as well as all of its prior drafts; they ask that the Court reconsider some of the Special Master's recommendations regarding fact-gathering materials; they ask that the Court order disclosure of settlement documents and many documents created before June, 2003. Plaintiffs also ask for billing records, argue that Defendants abused the "decision-maker" concept that the Court laid out in its original <u>Faragher-Ellerth</u> Order, and assert that there are several documents still undisclosed, as well as improper redactions. Finally, the Plaintiffs ask that the Court impose greater sanctions on Rabanco to deter it from its abusive practices.

Defendant Rabanco has asked for clarification of the Court's ruling as to two sets of documents. The first is PAWI 1202-1204. This document set concerns draft settlement provisions for six separate Rabanco employees. Rabanco asks for clarification to verify that they need not disclose this document. The Court has reviewed this document again, upon Rabanco's request, and has determined that it need not be disclosed. The second set is PAWI 01499-10507 & PAWI 01463-01465. Rabanco asks for clarification on these documents, because it claims that it has already turned over these documents in redacted form to Plaintiffs. The redactions are located immediately behind the documents in question in the binders Defendant submitted to the Special Master and appear to be

ORDER - 2

accurate and fair redactions. For this reason, Defendants need not produce these documents to Plaintiffs again

As for the documents whose status is still in dispute, the Court calls for a response from Plaintiffs as to documents PAWI 00218-00233, PAWI 00245-00246, and PAWI 01450. The Court calls for a response from Defendant Rabanco as to Document PAWI 0001538-0001611, and all billing records. <u>Where the Court calls for a response, each party shall have ten (10) days from the date of this Order to submit an omnibus brief, no longer than 12 pages in length that addresses all of the opposing parties' issues on which the Court is calling for a response.</u>

Additionally, Plaintiffs have alleged that Rabanco's attorneys have tampered with the privilege log in an improper way. In addition to the issue with document PAWI 0001538-0001611, Plaintiffs have provided a list of all changes that Rabanco made to the privilege log. (Ex. 12). It is possible that many of these modifications are innocent. However, given the serious nature of the allegations against Defense counsel, Rabanco is asked to provide an explanation for all of these changes and a table as to where these documents can be located in the binders so that the Court may review them. The remainder of the parties' motions for reconsideration are DENIED and need not be addressed by opposing counsel in the response motions.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: September 21st, 2005

Marsha J. Pechman
United States District Judge

ORDER - 3