UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDRE JONES, et al.,
                    Plaintiff(s),

v.

RABANCO, LTD., et al.,
                    Defendant(s).

No. C03-3195P

ORDER ON CROSS MOTIONS FOR RECONSIDERATION, MOTIONS FOR SANCTIONS, AND MOTION TO STRIKE

      This matter comes before the Court on the parties' cross-motions for reconsideration (Dkt. Nos. 265, 275, 283, and 285), Defendants' motions for sanctions (Dkt. Nos. 278, 280, & 288), and Plaintiffs' motion to strike (Dkt. No. 282). The Court held a conference with the parties to this case on October 4, 2005, at 4 p.m. in chambers to discuss these motions and the progress of the case. The rulings memorialized below reflect the decisions made at that meeting. All of the motions considered at the meeting on October 4th concern the ongoing disputes in this case regarding Plaintiffs' clarification of their Complaint and whether or not certain materials are made discoverable by Defendants' use of the <u>Faragher-Ellerth</u> defense. Both of these disputes have protracted histories. On June 15, 2005, the Court issued an Order directing Corporate Defendants to turn over their privilege log and all of the documents listed therein to a Special Master for review. (Dkt. No. 244). On that same day, the Court also issued an Order (Dkt. No. 248) that mandated that Plaintiffs clarify their Complaint within ten days and that continued all pending substantive motions until the <u>Faragher-</u>

ORDER - 1

Ellerth discovery dispute and Complaint clarification were finished.  The Court hereby GRANTS in part and DENIES in part the motions for reconsideration as detailed below.  All documents subject to disclosure shall be turned over to Plaintiffs within **10 calendar days of the October 4th conference–no later than 5 p.m. on Friday, October 14, 2005.**  The Court also GRANTS Defense motions for sanctions and DENIES Plaintiffs' motion to strike because of the delay Plaintiffs' attorney has caused with the clarification of his Complaint.

**I.  Plaintiffs' Complaint Clarification**

Plaintiffs' attorney submitted his clarification of the Complaint to Defendants on June 30, 2005.  Without the knowledge of the Court, Defendants sought further clarification of Plaintiffs' claims and Plaintiffs agreed and selected a deadline for this submission.  Over the course of the next three months, Plaintiffs' attorney consistently missed deadlines, got extensions from Defendants, and made promises regarding the re-clarification that he did not keep.  See Farias Decl. (Dkt. No. 279). The delays caused by Plaintiffs' attorney cost Defendants time and money and culminated in Defendants asking this Court for sanctions against him on September 28, 2005.  Plaintiffs' attorney submitted a newly clarified Complaint on September 28, 2005 (Dkt. No. 281), as well as a Motion to strike Defendants' motions for sanctions on September 30, 2005 (Dkt. No. 282).  Having reviewed all of the parties' motions on this matter, as well as the newly clarified Complaint, the Court has determined that the Complaint submitted on September 28, 2005 shall be the operative Complaint in this case.  Because of the delay caused by Plaintiffs' counsel in drafting an operative Complaint in this case, the Court GRANTS Defense motions for sanctions against Plaintiffs' counsel in the amount of $4,420.00.  This sum is to be paid to counsel for Defendant Marsden in order to reimburse her for the time she spent working with Plaintiffs' counsel to clarify the claims against her client.  This sum shall be paid **within thirty (30) days** of the date of this Order.

ORDER - 2

## II. Cross Motions for Reconsideration

Both parties submitted Motions for Reconsideration of this Court's Order on the Special Master's Report. (Dkt. Nos. 265 and 275). In an Order issued on September 21, 2005, this Court called from responses from the parties on certain documents and DENIED reconsideration as to all other issues. (Dkt. No. 277). Now having reviewed the parties cross-motions and responses, the Court has decided as follows:

1) Plaintiff's motion for reconsideration as to Document PAWI 00001538-00001611 in Defendant's privilege log is DENIED. This document shall remain protected. The Court has reviewed the Special Master's report, as well as the emails submitted by Rabanco that chronicle the creation of this document. Additionally, the Court has reviewed Mr. Madden's declaration explaining the date change of this document on the privilege log and finds the explanation he offers credible. On this evidence, the Court finds that this document was created after the start of this litigation for the purpose of defending against this litigation and shall remain privileged.

2) Corporate Defendants' motion for reconsideration as to Document PAWI 00000218-00000233 in Defendants' privilege log is GRANTED. This document shall remain protected. The Court has reviewed the affidavit of Eileen Schuler that Rabanco has submitted and finds that her testimony that she created this document in March 2004 is credible. Because the document was created after the start of this litigation for the purpose of defending against this litigation, it shall remain privileged.

3) Corporate Defendants' motion for reconsideration as to Document PAWI 00000245-00000246 in Defendants' privilege log is GRANTED. This document shall remain protected. The Court has reviewed the affidavit of Mark Robichaud that Rabanco has submitted pertaining to this document and finds that his testimony that he created this

ORDER - 3

document after the start of the litigation is credible. Because the document was created after the start of this litigation for the purpose of defending against this litigation, it shall remain privileged.

4) Corporate Defendants' motion for reconsideration as to Document PAWI 00001450-00001451 in Defendants' privilege log is GRANTED in part and DENIED in part. Document PAWI 00001450 shall remain protected because it pertains to Allied Waste units other than those involved in this litigation. However, PAWI 00001451 shall be turned over to Plaintiffs **within ten (10) days of the date of the conference** because it names "Jim Fuenzalida," and appears to be pertinent to Plaintiff James Fuenvalida's claims in this case.

5) Regarding an issue that was not discussed at the October 4 conference with the parties, but which was brought before the Court on Plaintiffs' Motion for Reconsideration and Defendants' Response, the Court rules that Defense counsel's billing records, which were included in the privilege log, be disclosed and turned over to Plaintiffs **within ten (10) days of the date of the conference**. Plaintiffs assert that the Special Master made a mistake in denying disclosure of billing records as "classic attorney/client communications." The Court has reviewed the Special Master's report and United States v. Amlani, 169 F. 3d 1189, 1194 (9th Cir. 1999), which Plaintiffs cite as support for the principle that billing records are discoverable and that Plaintiffs should be allowed to view them. This case is good law and seems to reflect clear legal error on the Special Master's part. Accordingly, the Court GRANTS Plaintiffs' Motion for Reconsideration as to Defense counsel's billing records.

**III. Moving Forward with this Case**

ORDER - 4

The Court reminds the parties that any future discovery disputes must be handled in one of the two following ways: First, the parties may jointly request a discovery teleconference pursuant to Local Rule CR 7(i). The parties may contact the Court's law clerk, Robyn Painter, to arrange such a conference. Each party should then submit a one-page letter summary of the issues to be discussed and that party's position. Second, with any written motions practice, the parties are hereby directed to utilize the procedure defined in Local Rule CR 37 regarding joint submission of discovery disputes.

The parties shall meet again in chambers at **3:00 p.m., Wednesday November 2, 2005.** Before this meeting, the parties shall work together to craft a revised plan for how this case should proceed. Discovery needs of all parties, motions practice, and revised trial dates should be taken into account in this plan. The parties shall submit this plan to the Court for review no later than **Monday, October 31, 2005**. The parties should come to the November meeting prepared to discuss this plan.

The Clerk of the Court shall direct a copy of this order be sent to all counsel of record.

Dated: October 7th, 2005

Marsha J. Pechman
United States District Judge

ORDER - 5